IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY FLORIDA

ELENA SANTISTEBAN ZUBIAGA and all others similarly situated under 29 U.S.C. 216(b),

    Plaintiffs,

vs.

LOCURA MARINA INC. and DEBRA BARRIENTOS,

    Defendants.

CASE NO.:

## COMPLAINT FOR MINIMUM WAGE VIOLATIONS AND OVERTIME WAGE VIOLATIONS

Plaintiff, ELENA SANTISTEBAN ZUBIAGA, on behalf of herself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, LOCURA MARINA INC. and DEBRA BARRIENTOS, jointly and severally and alleges:

### JURISDICTION AND VENUE

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. This Court has jurisdiction concurrent with the Federal Courts under 29 USC 216(B).

3. This case involves damages in excess of $50,000.00, including liquidated damages but exclusive of attorney's fees and costs.

4. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

5. The Defendant LOCURA MARINA INC., is a company that regularly transacts business within the Miami Dade County Florida. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time

period").

6. The individual Defendant, DEBRA BARRIENTOS, is a corporate officer and/or owner of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and/or was responsible for paying Plaintiff her wages for the relevant time period and/or controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

7. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

### COUNT I - FLORIDA[1] MINIMUM WAGE VIOLATION AGAINST DEFENDANTS, JOINTLY AND SEVERALLY

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in the paragraphs 1-7 as though fully set forth herein and further states:

8. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

9. Florida Statute § 448.110 (3) states "Effective May 2, 2005, employers shall pay employees a minimum wage at an hourly rate of $6.15 for all hours worked in Florida. Only those individuals entitled to receive the federal minimum wage under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state minimum wage pursuant to s. 24, Art. X of the State Constitution and this section. The provisions of ss. 213 and 214 of the federal

---

[1] Plaintiff is not required to comply with the Florida statute's pre-suit notice requirements when the minimum wage violations occur within 3 years prior to filing. See <u>Touzout v. America Best Care Rental KF Corp.</u>, 2017 WL 2541225 *1 (S.D. Fla. December 21, 2017).

Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein." [Fla. Stat. § 448.110 (3)].

10. Florida Statute § 448.110 (4)(a) states "Beginning September 30, 2005, and annually on September 30 thereafter, the Agency for Workforce Innovation shall calculate an adjusted state minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September 1."

11. Plaintiff's damages are based on the Florida Minimum Wage rate (as opposed to the Federal Minimum Wage rate). *See, Touzout v. Am. Best Car Rental KF Corp.,* 15-61767-CV, 2017 WL 2541225, at *1 (S.D. Fla. June 12, 2017)("pursuant to 29 U.S.C. Section 218, part of the FLSA, employers must comply with any state law that establishes a minimum wage higher than the minimum wage under the FLSA. 29 U.S.C § 218(a). Furthermore, courts in the Southern District of Florida have generally used the Florida minimum wage to calculate damages in cases brought under the FLSA. *Isaula v. Chicago Restaurant Group, LLC*, No. 13–CV–24387–JLK, 2014 WL 3477917, (S.D. Fla. Jul. 11, 2014); *Ortiz v. Santuli Corp.*, No. 08–20218–Civ, 2010 WL 2926517 (S.D. Fla. Jul. 23, 2010); *Roldan v. Pure Air Solutions, Inc.*, No. 07–22203–Civ, 2009 WL 198911 (S.D. Fla. Jan. 27, 2009)."); *See also*, 29 C.F.R. § 541.4 ("Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act."); *See also*, 29 C.F.R. § 778.5 ("Where a higher minimum wage than that set in the Fair Labor Standards Act is applicable to an employee by virtue of such other legislation, the regular rate of the employee, as the term is used in the Fair Labor Standards Act, cannot be lower than such applicable minimum, for the words "regular rate at which he is employed" as used in section 7 must be construed to mean the regular rate at which he is lawfully employed.").

12. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act. In 2020, Florida's minimum wage was raised to $8.65/hr. On September 30, 2021, the Florida Minimum Wage was raised to $10.00/hr. On September 30, 2022, the Florida Minimum Wage was raised to $11.00/hr.

13. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

14. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to her by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

15. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

16. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2020, 2021 and 2022.

17. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $125,000 for the first three months of the year 2023.

18. Plaintiff worked for Defendants as a delivery driver from on or about June 15, 2020, through to on or about January 31, 2023.

19. Between the period of on or about June 15, 2020, through to on or about January 31, 2023, Plaintiff worked an average of 66 hours per week for Defendants and was paid an average of $4.55 per hour which did not meet the applicable Florida minimum wage for said time periods as required by the Florida Constitution.

20. The Defendants' wage payment practices to Plaintiff for the above-mentioned time periods, did not meet the Florida minimum wage law requirements as Plaintiff was not paid the required Florida minimum wage for all hours worked and is therefore claiming the difference between the amount paid to Plaintiff and the applicable Florida minimum wage for the time period specified above.

21. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Florida Minimum Wage requirements and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Florida Constitution and the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

**Wherefore**, the Plaintiff requests double damages and reasonable attorney fees from the Defendants pursuant to the Florida Constitution as cited above, to be proven at the time of trial

for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Florida Constitution, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. ***The Plaintiff requests a trial by jury***.

### COUNT II. FEDERAL OVERTIME WAGE VIOLATIONS AGAINST DEFENDANTS, JOINTLY AND SEVERALLY

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in the paragraphs 1-21 as though fully set forth herein and further states:

22. Plaintiff worked for Defendants as a delivery driver from on or about June 15, 2020, through to on or about January 31, 2023.

23. Between the period of on or about June 15, 2020, through to on or about January 31, 2023, Defendants paid the Plaintiff worked approximately 66 total hours per week and was paid an average of $4.55 per hour for all hours worked including overtime hours, in violation of the Fair Labor Standards Act. Plaintiff therefore claims her half-time overtime rate for all hours worked in excess of forty (40) each week based on the Florida minimum wage rate for the time period specified above.

24. Defendants willfully and intentionally refused to pay Plaintiff her overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants until her separation with Defendants.

**Wherefore**, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

                                            Respectfully Submitted,

                                            J.H. Zidell, Esq.
                                            J.H. Zidell, P.A.
                                            Attorney For Plaintiff
                                            300 71st Street, Suite 605
                                            Miami Beach, Florida 33141
                                            Tel: (305) 865-6766
                                            Fax: (305) 865-7167
                                            Email: ZABOGADO@AOL.COM

                                            By:__/s/ J.H. Zidell_____
                                                  J.H. Zidell, Esq.
                                              Florida Bar Number: 0010121