UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-21630-CIV-MARTINEZ-BECERRA

ELENA SANTISTEBAN ZUBIAGA and all others similarly situated under 29 U.S.C. 216(b),

        Plaintiffs,

vs.

LOCURA MARINA INC. and DEBRA BARRIENTOS,

        Defendants

## JOINT CONFERRAL REPORT

Plaintiff and Defendants, by and through the undersigned counsel, pursuant to S.D.Fla. L.R. 16.1(b), and this Court's Order at DE 5, hereby file this Joint Conferral Report as follows:

A.    The Likelihood of Settlement:

The Parties will explore, in good faith, the possibilities of settlement as contemplated by S.D. Fla. L.R. 16.1(B)(5), as this case progresses further.

B.    The Likelihood of Appearance In the Action of Additional Parties:

Plaintiff intends to fully utilize the FLSA opt-in process and will seek leave to amend or certify if applicable.

C.    Proposed Limits on the Time:

    i.    To Join Parties and to amend the pleadings:
    ii.    To File and Hear Motions:
    iii.    To complete discovery:

As to subsections (i) through (iii): The Parties will comply with the dates set forth in the Court's Scheduling Order at DE 5. Should either party believe additional time is needed, they will file the appropriate motion requesting same.

D. <u>Proposals for the Formulation and Simplification of Issues:</u>

Presently, the Parties do not have any proposals for the formulation and simplification of issues. However, the Parties will continue to consider in good faith ways of simplifying the matters in this case and eliminating frivolous claims or defenses, by agreement by requests for admissions or by other means. Further, the parties shall utilize the required joint pretrial stipulation for this purpose. At this time, the Parties stipulate to:

- FLSA enterprise coverage;
- Defendants grossed over $500,000.00 annually in sales for the relevant years for Plaintiff's employment;
- Defendants had 2 or more employees who regularly handled goods that moved through interstate commerce during the relevant time period;
- The goods and/or materials were necessary to Defendants' business operating for the relevant years;

E. <u>The Necessity or Desirability of Amendments to the Pleadings:</u>

Plaintiff may amend pursuant to deadlines relevant to opt-in and class certification issues.

F. <u>Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information or Things Which Will Avoid Unnecessary Proof, Stipulations Regarding Authenticity of Documents, Electronically Stored Information of Things, and the Need for Advance Rulings from the Court on the Admissibility of Evidence:</u>

The Parties anticipate that they will be able to agree on certain admissions and/or stipulations in order to avoid unnecessary proof. The Parties agree to meet and confer to discuss the possibility of stipulations regarding facts, the authenticity of documents, and the need for advance rulings from the Court on the admissibility of evidence.

G. <u>Suggestions of the Avoidance of Unnecessary Proof and Cumulative Evidence:</u>

The Parties, where possible and in good faith, shall attempt to streamline the presentation of evidence to advance the case to trial, and to minimize the duration of the proposed trial, as to those facts and evidence where there is no dispute. At this time, the parties Stipulate to:

- FLSA enterprise coverage;
- Defendants grossed over $500,000.00 annually in sales for the relevant years for Plaintiff's employment;
- Defendants had 2 or more employees who regularly handled goods that moved through interstate commerce during the relevant time period;

- The goods and/or materials were necessary to Defendants' business operating for the relevant years; Defendants were Plaintiff's employer during the relevant time period.

H. Suggestions on the Advisability of Referring Matters to Magistrate Judge or Master:

The Parties do not agree to consent to the Magistrate at this time as set forth in attachment regarding Magistrate election. [1]

I. Preliminary Estimate of the Time Required for Trial:

The Parties estimate this case will require 3 to 4 days for jury trial, unless additional Parties join herein.

J. Requested date or dates for conferences before trial, a final pretrial conference, and trial:

The parties do not believe a Final Pre Trial-Conference is necessary at this time. Should the parties decide at a later time that a Final Pre Trial-Conference is necessary, they will file the appropriate motion requesting same.

K. any issues about:

(i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

Not at this time.

(ii) claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and

Not at this time.

(iii) when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist;

Not at this time.

---

[1] A Copy of the Parties Non-Election to Magistrate Jurisdiction is attached as Exhibit 1.

L.     Any Other Information That Might Be Helpful to the Court:

  i. Plaintiff's Counsel's law firm observes the Jewish High Holy Days.  Plaintiff's counsel's firm is closed in observance of said holidays on: April 6, 2023, April 7, 2023, April 12, 2023, April 13, 2023, May 26, 2023, July 27, 2023, September 25, 2023, October 5, 2023, October 6, 2023;

  ii. Plaintiff's Counsel has trials scheduled in other matters on the following dates: 7/11/2023, 8/28/2023; 12/13/2023; 1/4/2024, 2/12/2024; 4/1/2024; 5/3/2024.

  iii. Defendants and Defense Counsel are unavailable for the following days: Defense counsel will be on a pre-paid holiday out of the United States between June 22 and July 9, 2023.

  iv. Plaintiff requests a jury trial;

  v. Outline of legal elements of each claim and defense raised in the pleadings;

- FLSA enterprise coverage;
- Defendants grossed over $500,000.00 annually in sales for the relevant years for Plaintiff's employment;
- FLSA individual coverage;
- Interstate commerce applies to Plaintiff's work for Defendants during the relevant years;
- Plaintiff regularly communicated with Defendants' clients and/or vendors outside the State of Florida by email and/or phone for the relevant time period for business related matters and otherwise regularly used the interstate wire system for her employment for Defendants;
- Defendants had 2 or more employees who regularly handled goods that moved through interstate commerce during the relevant time period;
- The goods and/or materials were necessary to Defendants' business operating for the relevant years;
- Whether Defendants intentionally/recklessly/willfully violated said law;
- Whether Plaintiff was paid time and a half overtime pay for hours worked in excess of 40 per week;
- Whether Plaintiff was the employee of either Defendant;

- Whether Plaintiff was an independent contractor;
- Whether Plaintiff worked the number of hours she claims she worked for Defendants.

vi. Plaintiff's good faith estimate of the specific dollar valuation of actual damages and other relief at issue;

<b><u>Count I – Minimum Wage Violation</u></b>

**6/15/2020-9/29/2021**
Weeks: 67
MW Rate: $8.56
Amount Paid Per Hour: $4.55
Amount Owed Per Hour: $4.01/hr
Weekly Hours: 66
***Total Amount for this period: 67 Weeks X $4.01/hr. X 66 hrs = $17,732.22 X 2 (liquidated damages) = $35,464.44, exclusive of attorney's fees and costs***

**9/30/2021-9/29/2022**
Weeks: 52
MW Rate: $10.00
Amount Paid Per Hour: $4.55
Amount Owed Per Hour: $5.45/hr
Weekly Hrs: 66
***Total Amount for this period: 52 Weeks X $5.45/hr. X 66 hrs = $18,704.40 X 2 (liquidated damages) = $37,408.80, exclusive of attorney's fees and costs***

**9/30/2022-1/31/2023**
Weeks: 17
MW Rate: $11.00
Amount Paid Per Hour: $4.55
Amount Owed Per Hour: $6.45
Weekly Hrs: 66
***Total Amount for this period: 17 Weeks X $6.45/hr. X 66 hrs = $7,236.90 X 2 (liquidated damages) = $14,473.80, exclusive of attorney's fees and costs***

### Count II – Overtime Wage Violation (Half Time[2])

**6/15/2020-9/29/2021**
Weeks: 67
Amount Owed Per Hour: $4.28/hr
Weekly OT Hrs: 26
*Total Amount for this period: 67 Weeks X $4.28/hr. X 26 hrs = $7,455.76 X 2 (liquidated damages) = $14,911.52, exclusive of attorney's fees and costs*

**9/30/2021-9/29/2022**
Weeks: 52
Amount Owed Per Hour: $5.00/hr
Weekly OT Hrs: 26
*Total Amount for this period: 52 Weeks X $5.00/hr. X 26 hrs = $6,760.00 X 2 (liquidated damages) = $13,520.00, exclusive of attorney's fees and costs*

**9/30/2022-1/31/2023**
Weeks: 17
Amount Owed Per Hour: $5.50/hr
Weekly OT Hrs: 26
*Total Amount for this period: 17 Weeks X $5.50/hr. X 26 hrs = $2,431.00 X 2 (liquidated damages) = $4,862.00, exclusive of attorney's fees and costs*

*PLAINTIFF'S TOTAL CLAIM: $60,320.28 X 2 (liquidated damages $60,320.28) = $120,640.56 exclusive of attorney's fees and costs.*

vii.   The need for variance from the discovery limitations imposed by rules:

   Not at this time.

Respectfully Submitted this 29th day of May 2023,

| | |
|---|---|
| By:/s/  _J.H. Zidell_ | By: /s/   Lowell J. Kuvin |
| J.H. Zidell, P.A. | Law Office Of Lowell J. Kuvin |
| J.H. Zidell, Esq. | Lowell J. Kuvin, Esq. |
| Florida Bar No.: 0010121 | Florida Bar No.: 53072 |
| 300 71st Street, Suite 605 | 17 E. Flagler Street, Suite 223 |
| Miami Beach, Florida 33141 | Miami, FL 33131 |
| Tel: (305) 865-6766 | Telephone: (305) 358-6800 |
| Facsimile: (305) 865-7167 | Facsimile: (305) 358-6808 |
| Email: zabogado@aol.com | Email: lowell@kuvinlaw.com |
| *Attorneys for Plaintiff* | *Attorneys For Defendants* |

---

[2] Plaintiff's half time rate is based on the half time rate of the Florida minimum wage rate for each respective period.