UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-21630-CIV-MARTINEZ-BECERRA

ELENA SANTISTEBAN ZUBIAGA and all others similarly situated under 29 U.S.C. 216(b),

        Plaintiffs,

vs.

LOCURA MARINA INC. and DEBRA BARRIENTOS,

        Defendants

**JOINT MOTION FOR APPROVAL OF THE PARTIES' SETTLEMENT AGREEMENT, STIPULATED DISMISSAL WITH PREJUDICE AND FOR THE COURT TO RETAIN JURISDICTION**

The Parties, ELENA SANTISTEBAN ZUBIAGA ("Plaintiff"), and LOCURA MARINA INC. and DEBRA BARRIENTOS ("Defendants"), (collectively, the "Plaintiff" and "Defendants" referred to as the "Parties"), by and through their respective undersigned counsel, and file this Joint Motion for Approval of the Parties' Settlement Agreement, Stipulated Dismissal with Prejudice and for the Court to Retain Jurisdiction, and respectfully state as follows:

In the federal Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to

1

promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

A bona fide dispute exists between Plaintiff and Defendants in this case regarding Plaintiff's claims for unpaid overtime wages and minimum wage violations under the Fair Labor Standards Act ("FLSA") 29 U.S.C. 201-216. The main issues centered around whether (1) Plaintiff was an independent contractor or employee as defined by the FLSA; and (2) whether Plaintiff actually worked the hours claimed.

Eight depositions have taken place in this case, including the Plaintiff's and Defendants'. The Parties attended mediation on January 5, 2024, and have settled this case, despite their factual disputes, believing that settlement promotes efficiency and brings a reasonable and fair result to this litigation. The settlement reached by the Parties avoids the risks and additional expenses associated with continued litigation of this matter, including jury trial and any and all post-trial matters (i.e. appeal, etc.).

Counsels have zealously represented their clients' respective interests and, through mediation, have negotiated a settlement that is acceptable to Plaintiff and Defendants. All parties are represented by experienced counsel in this action, and the parties and their respective counsel agree and stipulate that the settlement represents a fair, reasonable, good faith and arms-length compromise of Plaintiff's claims. There was no undue influence, overreaching, collusion or intimidation in reaching the parties' settlement.

As per the Settlement Agreement, the Parties agree that each party shall bear its/their own attorneys' fees and costs except as otherwise stated in the Settlement Agreement. As a condition for dismissal, the parties agree to dismissal of this action on the condition that the Court retains

jurisdiction to enforce the terms of the Settlement Agreement. *See, Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272, 1280 (11th Cir. 2012).

WHEREFORE, the said Parties respectfully request that the Court enter an Order: (1) approving the terms of the Settlement Agreement; (2) dismissing this action with prejudice against released parties pursuant to the Parties' stipulated settlement and dismissal; (3) retaining jurisdiction over enforcement of the settlement; and (4) denying as moot all pending motions.

Respectfully Submitted this 9th day of January 2024.

| | |
|---|---|
| By:/s/  _J.H. Zidell_<br>J.H. Zidell, P.A.<br>J.H. Zidell, Esq.<br>Florida Bar No.: 0010121<br>300 71st Street, Suite 605<br>Miami Beach, Florida 33141<br>Tel: (305) 865-6766<br>Facsimile: (305) 865-7167<br>Email: zabogado@aol.com<br>*Attorneys for Plaintiff* | BY: /s/   Lowell J. Kuvin<br>Law Office Of Lowell J. Kuvin<br>Lowell J. Kuvin, Esq.<br>Florida Bar No.:<br>17 E. Flagler Street, Suite 223<br>Miami, FL 33131<br>Telephone: (305) 358-6800<br>Facsimile: (305) 358-6808<br>Email: lowell@kuvinlaw.com<br>*Attorneys For Defendants* |